IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DARRELL TAYLOR )
)
    v. ) NO. 3:09-1019
)
DEPARTMENT OF CHILDREN SERVICES )

TO:     Honorable Aleta Trauger, District Judge

## REPORT AND RECOMMENDATION

By Order entered December 2, 2009 (Docket Entry No. 6), the Court referred this action to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending is the motion to dismiss (Docket Entry No. 18) filed by Defendant Department of Children's Services. The Plaintiff has not filed a response to the motion.[1] For the reasons set out below, it is recommended that the motion be DENIED.

---

[1] By Order entered May 14, 2010 (Docket Entry No. 20), the Plaintiff was advised of the motion and that failure to file a response by June 14, 2010, could result in a recommendation that the claims against the Defendant be dismissed.

## I. BACKGROUND

On October 22, 2009, the Clerk received a complaint and application to proceed in forma pauperis from the pro se Plaintiff. The Plaintiff asserts a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., against the Tennessee Department of Children Services based on the allegation that "[m]y employer retaliated against me because I hired an attorney to handle my hearing." See Complaint (Docket Entry No. 1), at 3.

By Order entered October 26, 2009 (Docket Entry No. 3), the Plaintiff's application to proceed in forma pauperis was denied and he was given thirty (30) days to pay the filing fee. The Plaintiff paid the filing fee on December 1, 2009. However, the Court excused his untimely payment and directed that the Clerk file the complaint. See Order entered December 2, 2009 (Docket Entry No. 6). By Order entered December 15, 2009 (Docket Entry No. 9), the Court advised the Plaintiff that it was his responsiblity to serve the defendant with the summons and complaint, in compliance with Rule 4 of the Federal Rules of Civil Procedure, and that he must serve the defendant with the summons and complaint within 120 days of the filing of the complaint, which the Court deemed to be December 2, 2009.

The Defendant filed an answer (Docket Entry No. 14), and a Scheduling Order (Docket Entry No. 15) was entered.[2] On May 13, 2010, the Defendant filed the pending motion to dismiss asserting that the action was not timely filed because it was filed more than 90 days after the Plaintiff received his right-to-sue letter from the Equal Employment Opportunity Commission

---

[2] In the Scheduling Order, the Court specifically ordered the Plaintiff to file with the Court and provide to counsel for the Defendant a copy of the Charge of Discrimination he filed and his Right to Sue letter by April 19, 2010. See Docket Entry No. 15, at 2. The Plaintiff has not complied with this directive.

2

("EEOC"). The Defendant obtained from the EEOC copies of two right-to-sue letters issued to the Plaintiff, the first dated February 9, 2009, and the second dated July 28, 2009. See Memorandum in Support (Docket Entry No. 19), at 2. The Defendant contends that, based upon the complaint being filed on December 2, 2009, the complaint was filed 296 and 127 days, respectively, after the Plaintiff's receipt of his right-to-sue letters. The Defendant argues that neither the Plaintiff's pro se status nor equitable tolling should excuse the late filing of his complaint.[3]

## II. ANALYSIS

The Plaintiff must have filed his Title VII claim within 90 days of his receipt of a right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1); Truitt v. County of Wayne, 148 F.3d 644, 647 (6th Cir. 1998); Peete v. American Standard Graphic, 885 F.2d 331 (6th Cir. 1989).

In his complaint, the Plaintiff states that he received the right-to-sue letter in November 2007. See Complaint at 3. However, this date is not consistent with the Plaintiff's allegation that the discrimination about which he complains occurred on February 19, 2008. Id. at 2. Nor is it consistent with the dates listed on the two right-to-sue letters, February 9, 2009, and July 28, 2009, respectively, which were obtained from the EEOC by the Defendant. See Docket Entry No. 19-1.

---

[3] In Support of its argument that equitable tolling should not apply, the Defendant points to the Plaintiff's lack of diligence in pursuing this case, and specifically his failure to comply with the April 19, 2010, order, see n.2 infra, and his failure to claim certified mail including orders from this Court. The Court notes, however, that orders have been mailed to the Plaintiff by both certified mail and regular mail and that the regular, first class mailings have not been returned as undeliverable. Although the Court shares the Defendant's concern that the Plaintiff appears uninterested in pursuing this case, particularly in light of his failure to respond to the Defendant's motion to dismiss, the Court cannot dismiss this case solely on the basis that he failed to file a response.

3

Given the lack of a response from the Plaintiff and with no other information before the Court, the Court will assume that the Plaintiff erroneously listed "November 2007" as the date of receipt of his right-to-sue letter. In the absence of any evidence of when the Plaintiff actually received his right-to-sue letter, the Court will apply the presumption that a right-to-sue letter is received by the addressee within five (5) days of its mailing by the EEOC. Banks v. Rockwell Int'l North American Aircraft Operations, 855 F.2d 324, 326 (6th Cir. 1988). Accordingly, the Plaintiff is presumed to have received the last right-to-sue letter on August 2, 2009. Thus, the 90 day time period within which the Plaintiff must have filed his claim began on August 2, 2009.[4]

On October 22, 2009, the Court received the Plaintiff's complaint and an application to proceed in forma pauperis ("IFP application"). This was on day 81[5] of the 90 day time period and tolled the running of the 90 day period. The submission of a complaint and IFP application tolls the running of the 90 day period while the IFP application is being considered. See Truitt, 148 F.3d at 648. The IFP application was denied by Order entered October 26, 2009 (Docket Entry No. 3), but the Court gave the Plaintiff thirty (30) days within which to pay the filing fee. Accordingly, even

---

[4] The instant complaint was clearly not filed within 90 days of the Plaintiff's presumptive receipt of his first right-to-sue letter in February 2009. Although, as the Defendant acknowledges, the 90 day filing requirement is not jurisdictional, see Docket Entry No. 19, at 2, the Plaintiff has failed to provide any reason, including waiver, estoppel, or tolling, to permit consideration of any charges included in his first EEOC Charge of Discrimination. See Arbaugh v. Y & H Corp., 546 U.S. 500, 515, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); Hill v. Nicholson, No. 09-5305, *6 (6th Cir. June 24, 2010); Allen v. Highlands Hosp. Corp., 545 F.3d 387, 402 (6th Cir. 2008); Wilson v. MVM, Inc., 475 F.3d 166, 174 (3rd Cir. 2007). Accordingly, the Court shall view the right-to-sue letter dated July 28, 2009, as the pertinent right-to-sue letter for this action.

[5] The Defendant asserts that the complaint was submitted on the 86th day. See Memorandum (Docket Entry No. 19), at 3. This conclusion appears to have not taken into account the five day presumption of receipt.

though the 90 day period begins to run again upon the denial of the IFP application, Truitt, supra, the running of the 90 day period was effectively tolled for another thirty (30) days by virtue of the Court's specific directive that the Plaintiff had that amount of time within which to pay the filing fee. It would be patently prejudicial to the Plaintiff to not toll the running of the 90 days during the thirty (30) day time period the Court gave the Plaintiff to pay his filing fee.

Thus, the 90 day period did not begin to run again until November 26, 2009, at which point the Plaintiff had nine days left to pay the filing fee for his action. On December 1, 2009, the sixth day, he tendered the filing fee to the Clerk. See Docket Entry No. 5. By Order entered December 2, 2009 (Docket Entry No. 6), the Clerk was directed to file the Complaint.[6] In light of the facts of this action, the Plaintiff's action was timely filed.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the Defendant's motion to dismiss (Docket Entry No. 18) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

---

[6] The Court's statement in the Order entered December 15, 2009 (Docket Entry No. 12), that "[f]or the purposes of this action, the Court deems the date the complaint was filed to be December 2, 2009, when the Clerk was ordered to file the complaint," was meant merely to clarify that the complaint was ordered to be filed on December 2, 2009, and that the 120 day provided in Rule 4(m) for service of process upon the Defendant began on December 2, 2009, not October 22, 2009. To further memorialize that clarification, the December 15, 2009, Order has been amended by contemporaneously entered Order.

5

Court's Order regarding the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

          Respectfully submitted,

          JULIET GRIFFIN
          United States Magistrate Judge