IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


DARRELL TAYLOR                              )
                                            )
        v.                                  )        NO. 3:09-1019
                                            )
DEPARTMENT OF CHILDREN SERVICES             )


TO:     Honorable Aleta Trauger,  District Judge


# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered December 2, 2009 (Docket Entry No. 6), the Court referred this action to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending in the action are the Defendant's second motion to dismiss (Docket Entry No. 26), and the Plaintiff's motion (Docket Entry No. 33) to voluntarily dismiss his complaint. Set out below is the Court's recommendation for disposition of the motions and the action.


## I. BACKGROUND

The pro se Plaintiff filed this action asserting a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., against the Tennessee Department of Children Services.  He alleges that "[m]y employer retaliated against me because I hired an attorney to handle my hearing."  See Complaint (Docket Entry No. 1), at 3.  After the Plaintiff's application to proceed in forma

pauperis was denied, see Order entered October 26, 2009 (Docket Entry No. 3), he paid the filing fee and the Court directed that the Clerk file the complaint. See Order entered December 2, 2009 (Docket Entry No. 6).

The Defendant filed an answer (Docket Entry No. 14), and a Scheduling Order (Docket Entry No. 15) was entered.[1] On May 13, 2010, the Defendant filed a motion to dismiss asserting that the action was not timely filed. Although the Plaintiff did not respond to the motion to dismiss, by Order entered July 26, 2010 (Docket Entry No. 31), the Court denied the motion to dismiss.

Prior to resolution of its first motion to dismiss, the Defendant filed a second motion to dismiss (Docket Entry No. 26), seeking dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because of the Plaintiff's failure to prosecute his case "as well as his failure to comply with and/or respond to the Orders of the Court."[2] The Defendant contends that the Plaintiff: 1) has not taken any action in the case since paying the filing fee; 2) has failed to comply with the Court's Order of March 25, 2010 (Docket Entry No. 15), which required him to file with the Court and provide to the Defendant's counsel a copy of his Charge of Discrimination and Right to Sue Letter; 3) failed to respond to the Defendant's first motion to dismiss; and 4) has failed to answer discovery served upon him by the Defendant.[3]

---

[1] In the Scheduling Order, the Court specifically ordered the Plaintiff to file with the Court and provide to counsel for the Defendant a copy of the Charge of Discrimination he filed and his Right to Sue letter by April 19, 2010. See Docket Entry No. 15, at 2. The Plaintiff has not complied with this directive.

[2] In its motion, the Defendant also requested an extension of the dispositive motion deadline. The request for an extension of time was granted by Order entered July 7, 2010 (Docket Entry No. 29).

[3] The Defendant did not indicate when the Plaintiff was served with discovery requests nor do the Defendant's interrogatories and requests for production of documents include a date of service in the certificate of service. See Docket Entry No. 27-1, at 20.

2

On July 26, 2010, the Court received a fax from the Plaintiff stating:

This correspondence is intended to serve as my official withdrawal of a pro se compliant (sic) along with the application to proceed in forma pauperis against the Department of Children Services on October 22, 2009. The withdrawal of my compliant (sic) should not be mistaken for an admission of any false allegations against DCS, because I truly believe that I was discriminated and retaliated against while being employed by DCS! I am withdrawing my compliant (sic) because of the inability to find a suitable attorney to take on such a serious case and the inability to properly respond to the all (sic) the Attorney General's request.

See Docket Entry No. 33, at 2. By the Order entered July 26, 2010, the Court specifically referred the Plaintiff's request for voluntary dismissal to the undersigned.

## II. ANALYSIS

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, if an answer has been filed prior to the plaintiff's request for voluntary dismissal, "an action may be dismissed upon the plaintiff's request only by court order, on terms that the court considers proper." Such a dismissal is without prejudice unless the Court states otherwise in its order dismissing the case. Id. The purpose of Rule 41(a)(2) is to protect the nonmovant from unfair treatment. See Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 953 (6th Cir. 2009).

In the instant action, Court finds that the action should be dismissed as requested by the Plaintiff but that such dismissal should be with prejudice because to dismiss the action without prejudice at this point in the proceedings would cause the Defendant to suffer plain legal prejudice. In determining whether the Defendant will suffer plain legal prejudice, the Court should consider such factors as the Defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the Plaintiff in prosecuting the action, insufficient explanation for the need

3

to take a dismissal, and whether a motion for summary judgment has been filed by the Defendant. See Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994).

Most of these factors weigh in favor of the Defendant and of requiring the dismissal to be with prejudice. As set out by the Defendant in its second motion to dismiss, the Plaintiff has taken virtually no action to prosecute his claim since paying the filing fee, has ignored specific orders from the Court to provide the Court and the Defendant with documents pertinent to the action, has failed to cooperate in discovery and respond to discovery requests served upon him by the Defendant, and has not responded to either of the Defendant's motions to dismiss. The Plaintiff has not provided any explanation for his actions nor shown any cause for why his request for dismissal should be without prejudice. Because of the Plaintiff's conduct, this case is effectively in the same place it was when it was filed in October 2009. No discovery has taken place and the Defendant is prejudiced by being unable to resolve the claim brought against it. The Plaintiff has exhibited an unwillingness to prosecute the action in the normal fashion. Dismissal of the action with prejudice is appropriate in light of the Plaintiff's lack of interest in the action, the impasse in the action caused by Plaintiff's conduct, and the needless expenditure of resources by both the Court and Defendant caused by Plaintiff's conduct.

## R E C O M M E N D A T I O N

For the reasons set out herein, the Court respectfully RECOMMENDS that the Plaintiff's request for voluntary dismissal (Docket Entry No. 33) be GRANTED to the extent that he requests dismissal of the action but that the action be DISMISSED WITH PREJUDICE. Accordingly, the

4

Court RECOMMENDS that the Defendant's second motion to dismiss (Docket Entry No. 26) be DENIED as MOOT.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

5